UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF KENTUCKY

LOUISVILLE DIVISION

Jacqueline Sedwick,

              Plaintiff,

v.

UofL Health – Peace Hospital,

              Defendant.

**COMPLAINT**

No. 3:25-CV-289-RGJ

**COMPLAINT**

**JURY TRIAL DEMANDED**

**PRELIMINARY STATEMENT**

1. Plaintiff Jacqueline Sedwick brings this action against Peace Hospital for racial discrimination, hostile work environment, and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. Despite Plaintiff's repeated complaints to management and human resources about discriminatory conduct and a toxic workplace environment, Defendant failed to take adequate measures to address these issues, allowing ongoing discrimination, harassment, and retaliation.

COMPLAINT - 1

2. Plaintiff seeks compensatory and punitive damages, injunctive relief, and any other relief this Court deems just and proper.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1343, as this action arises under Title VII of the Civil Rights Act of 1964.

4. Venue is proper in this judicial district under 28 U.S.C. § 1391, as Defendant resides in and conducts business in this district, and the events giving rise to Plaintiff's claims occurred here.

## PARTIES

5. Plaintiff Jacqueline Sedwick is an African American woman and resides at 1107 South Brook Street Louisville, KY 40203 She was employed by Peace Hospital as a Mental Health Therapist II.

6. Defendant UofL Health – Peace Hospital is a private healthcare provider operating in 2020 Newburg Road, Louisville, KY 40205. Defendant employs more than 15 employees and is subject to the requirements of Title VII.

## FACTUAL ALLEGATIONS

7. Plaintiff began her employment with Defendant on or about July 1, 2023, as a Mental Health Therapist II. Early in her employment, she observed hostility and disrespect from white staff members, predominantly white females. By August or September 2023, this hostility escalated into a persistent, hostile work environment that created undue stress and impeded Plaintiff's ability to perform her duties effectively.

COMPLAINT - 2

8. On October 22, 2023, while facilitating an adolescent psychotherapy group, Plaintiff became the victim of "workgroup mobbing" by three white co-workers: Nurse Kelsie Dohn, Social Work Case Manager Ciarra Cook, and Social Worker Audrey Self. Their coordinated and hostile behavior humiliated Plaintiff in front of the group, leaving her feeling distraught and unsafe.

9. Plaintiff immediately sent an email to her direct supervisor, Stacey Harris, who was also the supervisor for two of the perpetrators, Ciarra and Audrey. Despite the gravity of the incident, Ms. Harris never responded to Plaintiff's email, failed to view the video footage of the mobbing, and took no steps to address the incident.

10. On October 23, 2023, Plaintiff met with Ms. Harris and Lead Counselor Emily Phan during a previously scheduled meeting. Plaintiff expressed her distress and fear stemming from the mobbing incident the previous day. Ms. Harris stated she would "talk to" Ciarra and Audrey but appeared indifferent to the attack, leaving Plaintiff feeling unsupported.

11. During the same meeting, Ms. Harris informed Plaintiff that Nurse Kelsie Dohn had reported Plaintiff to safety management regarding her keys. This false accusation was shared openly among staff during a group meeting without first consulting Plaintiff. Plaintiff was not contacted by Austin, the Safety Manager, to provide her side of the story, and the claim was never verified.

12. The stress and fear caused by the mobbing incident consumed Plaintiff, leading to recurring flashbacks. On October 25, 2023, while running, Plaintiff experienced a

COMPLAINT - 3

flashback, lost contact with her surroundings, and fell. She sustained severe injuries, including the complete loss of her left wrist bone, a broken bone in her right middle finger, and the need for emergency surgery. These injuries resulted in significant physical, emotional, and financial suffering, with Plaintiff incurring thousands of dollars in medical bills. She continues to experience pain and discomfort in her left wrist.

13. During her two-month recovery period, Plaintiff received only 60% of her pay through short-term disability benefits. These benefits were calculated based on 20 hours per week instead of the 30 hours Plaintiff actually worked. Peace Hospital refused to correct its reporting to the disability provider, causing further financial hardship.

14. Plaintiff returned to work on December 16, 2023. Upon her return, she was subjected to harassment and retaliation by HR Manager Tammy Hanson and Supervisor Stacey Harris, who dismissed the seriousness of her injuries and the hostile work environment.

15. On December 18, 2023, Ms. Harris called Plaintiff into her office and attempted to coerce her into working full-time or resigning, despite knowing Plaintiff's schedule limitations and ongoing concerns about her safety. Plaintiff refused, explaining that her reluctance to work full-time stemmed from the mistreatment she faced from white co-workers. Ms. Harris disregarded these concerns and continued to pressure Plaintiff.

COMPLAINT - 4

16. On Martin Luther King Jr. Day, January 15, 2024, Ms. Harris called Plaintiff into an unscheduled meeting where she made false and harassing statements about Plaintiff's tone during meetings. HR Manager Tammy Hanson joined the meeting, and both Ms. Harris and Ms. Hanson accused Plaintiff of deflecting workplace issues. When Plaintiff asked for specific details about these allegations, they refused to provide any, claiming they wanted to protect the anonymity of the complainants.

17. During the same meeting, Plaintiff complained about two white staff members—Social Work Case Manager Ciarra Cook and another social worker—who spoke derogatorily about adolescent patients. Ciarra referred to the patients as "little assholes," while the other social worker stated, "That's why I don't like these kids." Plaintiff found these comments deeply distressing and reported them to Ms. Harris and Ms. Hanson. Ms. Hanson dismissed Plaintiff's concerns, stating, "It's ok for them to blow off steam about working with our patients."

18. On February 5, 2024, Plaintiff submitted a formal complaint to HR Managers Tammy Hanson and Ashleigh Korwatch, describing the persistent hostility, racism, and mobbing she experienced on the 3rd Floor. Plaintiff specifically referenced the October 22 mobbing incident and reiterated her fears about returning to work on the 3rd Floor. Despite the seriousness of her complaint, neither Ms. Hanson nor Ms. Korwatch reviewed the video footage of the incident. They concluded their "investigation" by stating there were "no racial problems" on the 3rd Floor and directed Plaintiff to continue working there.

COMPLAINT - 5

19. On June 9, 2024, Plaintiff facilitated two psychotherapy groups on the 3 Lourdes unit. The first group, on the girls' side, was attended by predominantly Black support staff who were attentive and professional, creating a safe and productive therapeutic environment.

20. The second group, on the boys' side, was disrupted by two white female staff members—a Mental Health Technician and a Program Coordinator—who ignored their professional responsibilities, engaged in unrelated conversations, and played a card game during the session. Their behavior undermined Plaintiff's authority and created a tense and unproductive therapeutic environment.

21. During the session, two adolescent boys expressed confusion and surprise at Plaintiff's presence, stating they had been told by staff members that Plaintiff was banned from conducting groups on the 3 Lourdes unit. These false statements directly undermined Plaintiff's professional reputation.

22. Plaintiff reported the incident to Monica Robertson, the Nursing Services House Manager on duty. Ms. Robertson reviewed video footage and confirmed that the two white female staff members had failed to perform their duties. Ms. Robertson sent an email to HR Manager Thomas Sizer and other managers detailing her findings. However, no action was taken against the staff members.

23. On June 24, 2024, Plaintiff submitted a six-page written complaint with three attachments to Mr. Sizer, requesting instructions on how to file a compliance violation regarding the false statements made about her alleged ban from the 3

COMPLAINT - 6

Lourdes unit. Despite the detailed nature of Plaintiff's complaint, Mr. Sizer failed to respond.

24. During a follow-up meeting on July 15, 2024, Plaintiff raised her concerns again with Mr. Sizer and HR Manager Ashleigh Korwatch. Instead of addressing her complaints, Mr. Sizer dismissed the matter, stating, "What would you say if I told you those white females play card games in other therapists' groups as well?" He instructed Plaintiff to return to facilitating groups on the 3 Lourdes unit.

25. On August 12, 2024, Mr. Sizer still had not provided Plaintiff with the requested instructions or addressed her concerns. This lack of response exemplified Peace Hospital's failure to take Plaintiff's complaints seriously or provide a safe and respectful work environment.

26. Throughout her employment, Plaintiff experienced consistent harassment, retaliation, and discrimination. Peace Hospital's management and HR staff repeatedly failed to investigate her complaints, discipline the offending staff, or protect Plaintiff from harm, resulting in severe professional, emotional, and physical damage.

**COUNTS**

**COUNT I: Racial Discrimination in Violation of Title VII of the Civil Rights Act of 1964**

27. Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

28. Defendant, through its agents and employees, engaged in intentional discrimination against Plaintiff because of her race (African American) by allowing a hostile work

COMPLAINT - 7

environment to persist, failing to discipline or address misconduct by white employees, and treating Plaintiff disparately compared to her white co-workers.

29. These actions and inactions violated Title VII, which prohibits discrimination on the basis of race in the workplace.

## COUNT II: Hostile Work Environment in Violation of Title VII

30. Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

31. Defendant subjected Plaintiff to severe and pervasive harassment, including verbal hostility such as false statements made to adolescent patients about Plaintiff being banned, physical and psychological harm caused by workplace mobbing and management's failure to intervene, and disruptive and disrespectful conduct by white staff during Plaintiff's therapy sessions, undermining her professional authority.

32. Defendant's actions created an abusive work environment that adversely affected the terms and conditions of Plaintiff's employment.

## COUNT III: Retaliation in Violation of Title VII

33. Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

34. Plaintiff engaged in protected activity by reporting instances of racial discrimination, hostile work environment, and retaliation to her supervisors and HR, and by filing complaints regarding discriminatory and unprofessional behavior by staff.

35. Defendant retaliated against Plaintiff by ignoring and trivializing her complaints, pressuring her to resign or work full-time despite her limitations, and subjecting her to increased scrutiny and false accusations.

COMPLAINT - 8

36. These retaliatory actions would dissuade a reasonable person from engaging in further protected activity and violated Title VII.

**COUNT IV: Failure to Prevent Discrimination and Harassment**

37. Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

38. Defendant failed to take reasonable steps to prevent and correct discriminatory and harassing behavior by its employees, including refusing to investigate Plaintiff's complaints or review available video evidence, allowing white staff to create a hostile environment without consequence, and neglecting to implement or enforce policies to protect Plaintiff from racial discrimination and harassment.

39. Defendant's failure to act violated its duties under federal anti-discrimination laws.

**COUNT V: Negligence (Employer Liability for Workplace Violence and Harassment)**

40. Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

41. Defendant negligently allowed its employees to create a hostile work environment through mobbing, verbal harassment, and unprofessional behavior.

42. Defendant's failure to address the hostile work environment caused Plaintiff significant physical, emotional, and financial harm, including severe injuries resulting from a flashback episode caused by workplace stress and emotional distress due to the mobbing and false accusations by co-workers and supervisors.

**COUNT VI: Intentional Infliction of Emotional Distress**

43. Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

44. Defendant's conduct, including allowing mobbing, harassment, and retaliation, was

COMPLAINT - 9

extreme and outrageous, exceeding the bounds of decency in a civilized society.

45. Defendant's actions caused Plaintiff severe emotional distress, as evidenced by flashbacks, fear, and anxiety, which ultimately led to physical injury and cotinued suffering.

**COUNT VII: Disability Discrimination in Violation of the Americans with Disabilities Act (ADA)**

46. Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

47. Plaintiff experienced a temporary disability resulting from the injuries sustained due to workplace stress and flashbacks.

48. Defendant failed to provide reasonable accommodations by pressuring Plaintiff to work full-time or resign, despite knowledge of her limitations and ongoing health issues.

49. Defendant's actions violated the ADA by discriminating against Plaintiff based on her disability and failing to accommodate her medical condition.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

Plaintiff has exhausted all administrative remedies required under Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act (ADA). Plaintiff timely filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission (EEOC) alleging race discrimination, hostile work environment, retaliation, and disability discrimination. On August 23, 2024, the EEOC issued Plaintiff a Notice of Right to Sue. This action is filed within the statutory 90-day period required by federal law following the

COMPLAINT - 10

receipt of the Notice of Right to Sue.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff requests that this Court enter judgment in her favor and against Defendant, and grant the following relief:

A. Compensatory damages for emotional distress, pain and suffering, and financial loss.

B. Punitive damages for Defendant's willful and malicious conduct.

C. Injunctive relief requiring Defendant to implement anti-discrimination policies and training.

D. Attorney's fees, costs, and expenses.

E. Any other relief this Court deems just and equitable.

JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated November 18, 2024

Respectfully submitted,

es Jacqueline Sedwick
JACQUELINE CAMILLE SEDWICK
1107 South Brook Street
Louisville, KY 40203
Telephone: 502-589-2299

COMPLAINT - 11

Email: jsedwick@sfscounseling.org

COMPLAINT - 12