UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:25-CV-289-CRS

JACQUELINE CAMILLE SEDWICK                                            PLAINTIFF

v.

UofL HEALTH—PEACE HOSPITAL                                           DEFENDANT

## <u>MEMORANDUM OPINION</u>

This matter arises from Plaintiff's allegations of employment discrimination. It is before the Court on several motions. One of those is Defendant's Motion to Dismiss. Defendant argues that Plaintiff has not timely filed her discrimination claims, that Plaintiff has failed to exhaust those claims, and that Plaintiff has otherwise failed to state a claim on which relief can be granted. Thus, Defendant has moved to dismiss pursuant to FED. R. CIV. P. 12(b)(6). While Plaintiff admits that her discrimination claims are untimely, she argues that her filing deadline should be equitably tolled. Thus, she has moved for leave to file out of time and otherwise opposed dismissal. Plaintiff has not, however, presented the Court with grounds that warrant tolling her filing deadline. As a result, the Court will deny Plaintiff's motion for leave to file those claims out of time (DN 4) and will grant Defendant's Motion to Dismiss those claims (DN 9).

Plaintiff brought her discrimination claims pursuant to "federal anti-discrimination laws," Title VII and the Americans with Disabilities Act. Complaint, DN 1, at PageID# 7-10. Plaintiff has also sued Defendant based on state law theories of negligence and intentional infliction of emotional distress. Thus, upon dismissal, the Court will lose its federal question jurisdiction but will be left with the state law claims which it may consider under its supplemental jurisdiction. The Court declines to do so. Accordingly, the Court will dismiss the state law claims without prejudice.

That brings the Court to additional motions that are pending. First, there is Plaintiff's motion to exceed the page limits set by Local Rule 7 (DN 16). Plaintiff filed this Motion in connection with her Response to Defendant's Motion to Dismiss. Defendant did not oppose the Motion, so the Court will grant it. Next, Plaintiff moved to strike Defendant's Reply in Support of its Motion to Dismiss, asserting that Defendant improperly raised new arguments in that brief (DN 19). For the same reason, Plaintiff moved for leave to file a surreply (DN 20). Because Defendant did not raise new arguments in reply, these two motions will be denied. Finally, Plaintiff also moved to strike Defendant's Response to her Motion for Leave to File a Surreply (DN 24). That Motion is without merit and will be denied for that reason.

### BACKGROUND

Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on August 17, 2024. Five days later, on August 22, 2024, the EEOC issued a Determination and Notice of Rights Letter (commonly referred to as "a right to sue letter"). 08/22/24 Letter, DN 9-2. That letter stated that the EEOC was dismissing her charge. *Id.* It also warned that should Plaintiff wish to file suit in federal or state court, her "**lawsuit must be filed WITHIN 90 DAYS**" of her receipt of the letter notice. *Id.* (emphasis in original). According to Plaintiff, she received the EEOC's letter on August 23, 2024. Response, DN 17 at PageID# 130 ("On August 23, 2024, Plaintiff received her EEOC Right to Sue letter . . . ."). As result, Plaintiff's deadline for filing a complaint was Thursday, November 21, 2024. Plaintiff did not file until 6 months later, on May 20, 2025.

Plaintiff has testified that she attempted to file her complaint electronically on November 20, 2024. 05/20/25 Declaration, DN 4-2 at at ¶ 2, PageID# 22; 08/13/25 Declaration, DN 17-1 at ¶ 30, PageID# 162; *see also* Response, DN 17 at PageID# 130. However, she did so by using an

2

e-mail address which she assumed would work. *Id.* at ¶ 3 & ¶ 30, respectively; *see also* Response, DN 17 at PageID# 130-31. Additionally, Plaintiff has testified that the absence of a bounce-back message led her to "reasonably believe that her complaint had been received and filed." *Id.* at ¶ 5 & ¶¶ 30, 32, respectively; *see also* Response, DN 17 at PageID# 131. Plaintiff has also testified that she contacted the Clerk of Court on May 9, 2025, and learned that her complaint had not been filed. *Id.* at ¶ 7 & ¶ 30, respectively; *see also* Response, DN 17 at PageID# 131. Plaintiff has testified that she "was experiencing significant emotional and psychological strain due to ongoing racial discrimination and retaliation in my workplace" which "contributed to [her] mistake in filing." *Id.* at ¶ 6, DN 4-2 at PageID# 23. Plaintiff filed her Complaint on May 20, 2025. She has not offered an explanation as to why she waited approximately six months (until May 9, 2025) to investigate nor why it took her another eleven days to get her already prepared, identical complaint filed. *See* 08/13/25 Declaration at ¶ 33, DN 17-1 at PageID# 163 (November 20, 2024 complaint "was identical to the version later accepted and docketed").

## ANALYSIS

The Complaint contains seven counts: (1) race discrimination in violation of Title VII, (2) hostile work environment in violation of Title VII, (3) retaliation in violation of Title VII, (4) "failure to prevent discrimination and harassment," (5) negligence, (6) intentional infliction of emotional distress and (7) disability discrimination in violation of the Americans with Disabilities Act (the "ADA"). Complaint, DN 1, at PageID# 7-10. Defendant has moved to dismiss the first four counts and count seven as untimely. All of those are pleaded as federal law claims. The parties agree that to be timely filed, Plaintiff must have filed her federal law claims within ninety days from the date on which she received EEOC's right to sue letter. They agree that Plaintiff did not meet this deadline. They also agree that Plaintiff's ninety-day deadline is subject to equitable tolling. As a result, the only dispute before the Court as to the federal claims is whether Plaintiff's

3

ninety-day filing deadline should be equitably tolled. Plaintiff argues that it should be and Defendant argues that the grounds necessary to equitable tolling do not exist here. The Court agrees with Defendant.

### A. Equitable Tolling

While the ninety-day filing deadline is subject to equitable tolling, the application of the doctrine is not a given. *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir. 2000) ("The federal courts sparingly bestow equitable tolling."). Further, while the reasons behind an untimely filing might evoke sympathy, federal courts must not disregard procedural requirements, such as filing deadlines, out of sympathy. *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984) ("Procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants.") (per curiam). As for equitably tolling a filing deadline, "a court should not extend limitations by even a single day" absent compelling equitable considerations. *Graham-Humphreys*, 209 F.3d at 561. Thus, typically, "equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Graham-Humphreys*, 209 F.3d at 560-61.

The Sixth Circuit has identified five factors for courts to consider in evaluating whether that standard has been met:

> 1) lack of notice of the filing requirement; 2) lack of constructive knowledge of the filing requirement; 3) diligence in pursuing one's rights; 4) absence of prejudice to the defendant; and 5) the plaintiff's reasonableness in remaining ignorant of the particular legal requirement.

*Id.* (citation omitted). Defendant contends that these factors do not weigh in favor of tolling Plaintiff's ninety-day filing deadline. The Court agrees.

4

First, it is clear from Plaintiff's admissions that she was on notice of the ninety-day filing deadline. Plaintiff has admitted that she received her right to sue letter from the EEOC on August 23, 2024. Response, DN 17 at PageID# 130 ("On August 23, 2024, Plaintiff received her EEOC Right to Sue letter. . . ."). She has also acknowledged that she had ninety days from that date in which to file a complaint in this Court. *Id.*

Second, this a not case wherein the plaintiff acted diligently. Plaintiff's contrary contentions are unavailing. Plaintiff has attested to an attempt to electronically file her complaint on November 20, 2024 using an e-mail address she assumed would work for this purpose. Plaintiff has also averred that emotional and psychological stress "contributed to" her mistake. 05/20/25 Declaration, DN 4-2 *Id.* at ¶ 6, PageID# 23. At the same time, her Declarations show that her mistake could be and was remedied by a phone call to the Clerk of Court. *Id.* at ¶ 7; 08/13/25 Declaration, DN 17-1 at ¶ 30, PageID# 162-63. Together, Plaintiff's statements do not demonstrate diligence. They do not show that Plaintiff tried but was prevented from ascertaining how to file a complaint in this Court, much less that she could not ascertain how to do so in time. They show that the opposite is true. All it took was a phone call to the Clerk of Court, but Plaintiff never made that call. Instead, she waited approximately 6 months before she followed up on her November 20, 2024 e-mail and another 11 days to file the identical complaint. Her conduct reflects dilatoriness, not diligence.

Nor can the Court conclude that Plaintiff's remaining ignorant was reasonable. Plaintiff has testified to filing lawsuits in other federal district courts. 05/20/25 Declaration, DN 4-2 at ¶ 3, PageID# 22; 08/13/25 Declaration, DN 17-1 at ¶ 30, DN 17-1 at PageID# 162. Thus, the lack of any response from this Court, including the return of summonses to Plaintiff, should have alerted Plaintiff to a problem. The Court finds that Plaintiff's alleged reliance on the lack of an e-mail

"bounce-back" or rejection notice is not reasonable considering her admitted litigation experience. Plaintiff also contends that her e-mail was a reasonable interpretation of this Court's filing procedures. Response, DN 17 at PageID# 131. Yet, she has made it clear that she never looked up this Court's procedures. She just assumed that using an e-mail address that resembled another court's e-mail address was the proper way to proceed in this Court. *Id.*; 05/20/25 Declaration, DN 4-2 at ¶ 3, PageID# 22; 08/13/25 Declaration, DN 17-1 at ¶ 30, PageID# 162. This conduct is not reasonable given that Plaintiff knew she had a ninety-day deadline, that she had waited until the day before that deadline to attempt filing, and, according to her testimony, a call to the Clerk of Court would have resulted in an effective filing.

At the same time, Plaintiff has testified to opening civil lawsuits in other federal courts and her familiarity with the next immediate steps, including the immediate issuance of summonses. 08/13/25 Declaration, DN 17-1 at ¶ 33, PageID# 163. Despite having received no response from this Court to her November 20, 2024 filing attempt, Plaintiff took no action for about six months. She did not contact the Clerk of Court until May 9, 2025 and it was then, according to her Declarations, that she learned her complaint had not been filed. Plaintiff nevertheless contends that she "remained vigilant in monitoring her case" and that her conduct was reasonable. Response at PageID# 131. The Court disagrees. There was nothing to lead Plaintiff to a reasonable belief that she had successfully filed her complaint and there was nothing to monitor. Plaintiff had not commenced a civil lawsuit. FED. R. CIV. P. 3 ("A civil action is commenced by filing a complaint with the court.").

Lastly, Plaintiff contends that the doctrine of equitable tolling should apply because Defendant has "never argued prejudice" and cannot "plausibly show" that "allowing this case to proceed would cause any prejudice." Response, DN 17, at PageID# 132. This argument is

unavailing. First, Defendant has argued that it is prejudiced by the delay and how delay can create prejudice. It did so in response to Plaintiff's motion for leave to file her complaint out of time. Response, DN 10, at PageID# 76. Second, even if those arguments are set aside, it remains that the absence of prejudice "is not an independent basis for invoking the doctrine [of equitable tolling] and sanctioning deviations from established procedures." *Baldwin Cnty.*, 466 U.S. at 152. Instead, it is a factor that should be applied "once a factor that might justify such tolling is identified." *Id.* Here, there is no factor that justifies tolling.

Nor has Plaintiff presented the Court with any precedent which requires or instructs that this case presents proper grounds on which to equitably toll her ninety-day filing deadline. Plaintiff relies on *Irwin v. Dept. of Veteran Affairs*, 498 U.S. 89 (1990), but it does not help her. *Irwin* concerned whether Title VII's filing deadline begins when the EEOC's right-to-sue letter is received by the plaintiff or by the plaintiff's lawyer. The Supreme Court held that the deadline is triggered by whichever of those events comes first. There is no such issue in this case. And, while the Supreme Court held that equitable tolling applied to the filing deadline, it did not apply to Irwin's case because it was "at best a garden variety claim of excusable neglect." *Id.* at 96.[1] That is, excusable neglect is not a sufficient ground on which to equitably toll the filing deadline.

For this reason alone, Plaintiff reliance on *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. Partnership*, 507 U.S. 380 (1993), an excusable neglect decision, is unavailing. *Pioneer* otherwise fails to support Plaintiff. In *Pioneer*, the Supreme Court found that an attorney's failure to meet a claims-filing deadline was excusable because the bankruptcy court had issued an atypical notice of the deadline: "we conclude that the unusual form of notice employed in this case requires a

---

[1] Plaintiff also suggests that *Irwin* supports her because the Supreme Court noted that equitable tolling may apply when a claimant has filed "a defective pleading during the statutory period." Response, DN 17, at PageID# 131. Plaintiff did not file anything within the statutory period. Her situation is not comparable to timely filings the content of which requires some sort of correction.

finding that the neglect of respondents' counsel was, under all the circumstances, 'excusable.'" *Id.* at 398-99. There is no like circumstance here. The cause of Plaintiff's failure to timely file lies in an errant assumption she made, the accuracy of which she could have but did not investigate. This conduct does not constitute excusable neglect. *See e.g.* BLACK'S LAW DICTIONARY (12th ed. 2024) ("excusable neglect" is a failure to timely act due to "some unexpected or unavoidable hindrance or accident," not one's own "carelessness, inattention, or willful disregard of the court's process.").

Next, Plaintiff relies on FED. R. CIV. P. 6(b)(1)(B), also an excusable neglect rule. Response, DN 17, at PageID# 132. Again, excusable neglect is not present here. Plaintiff was on notice of the deadline and her own Declarations establish that timely filing was within her control. Even if excusable neglect existed in this case, it is not a proper ground on which to equitably toll the ninety-day filing deadline. *Irwin*, 498 U.S. at 96. Beyond that, Rule 6(b) does not apply to time periods set by statute. *U.S. ex rel. & for Use of Tenn. Val. Auth. v. Easement & Right-of-Way over Certain Land in Cumberland Cnty., Tenn.*, 386 F.2d 769, 771 (6th Cir. 1967); *see also* 4B Charles Alan Wright & Arthur R. Miller, FED. PRAC. & PROC. CIV. § 1165 (4th ed. June 2024 update) ("Courts have held that Rule 6(b) does not apply to time periods set out in statutes."). The limitations period here arises out of a statute: 42 U.S.C. § 2000e-5(f)(1). Thus, Rule 6(b)(1)(B) does not apply.

Plaintiff also relies on Rule 60(a). Response, DN 17, at PageID# 132. Plaintiff urges the Court to conclude that she is asking for no more than a "routine corrective" measure such as clerical mistakes in documents of record that can be corrected pursuant to Rule 60(a). *Id.*[2] There

---

[2] Plaintiff also cites Rule 6(b)(1)(B) and *Pioneer*, 507 U.S. 30 for the same proposition. Permitting late filings due to excusable neglect is not "routine." Extensions based on excusable neglect are not simply granted as a matter of course. The existence of excusable neglect—which does not include mistakes that arise from one's own carelessness or inattention—must be shown. Indeed, the Supreme Court has explained that Rule 6(b)'s "excusable neglect" requisite is the "greatest" substantive obstacle established by the Rule. *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 897 (1990).

is no mistake of that kind here and there is nothing "routine" about equitably tolling a filing deadline. Doing so requires "compelling circumstances," ones that show that Plaintiff's failure to file resulted from circumstances beyond her control. *Graham-Humphreys*, 209 F.3d at 560-61. A mistake like Plaintiff's, one that could have been avoided through proper diligence, does not satisfy this standard.

In addition to Rule 60(a), Plaintiff cites Rule 5(d)(2), *Becker v. Montgomery*, 532 U.S. 757 (2001) and *Fort Bend Cnty., Tex. v. Davis*, 587 U.S. 541, 139 S. Ct. 1843 (2019) for the proposition that permitting her to untimely file would comprise no more than a "routine corrective measure." Rule 5(d)(2) says nothing of the sort. It simply states that a paper which is not filed electronically may be filed by delivering it to the clerk or to a judge who agrees to accept it for filing.

Next, Plaintiff's circumstances do not resemble those presented in *Becker*. That case did not concern equitable tolling of a filing deadline. Rather, *Becker* concerned a timely filed notice of appeal. The issue was that the notice did not contain the appellant's signature. The Court of Appeals dismissed for that reason. The Supreme Court reversed. The Supreme Court held that the signature requirement could be met after the time for an appeal expired. The rule which required a signature expressly provided that "'omission of the signature'" may be "'corrected promptly after being called to the attention of the attorney or party.'" *Id.* at 764 (quoting FED. R. CIV. P. 11(a)). The appellant complied with that requisite. Moreover, the rule which detailed what the notice of appeal must contain did not include a signature requirement. *Id.* at 766. Thus, although that rule was jurisdictional, it did not mandate dismissal for lack of a signature on the notice. *Id.* No like circumstances exist here. Most notably, Plaintiff did not timely file.

Last, there is the *Fort Bend* case, 587 U.S. 541, 139 S.Ct. 1843 on which Plaintiff relies. Contrary to Plaintiff's contention, *Fort Bend* did not concern permitting a party to file late as a

"routine corrective measure." Quite the opposite happened. The Court of Appeals for the Fifth Circuit held that the defendant had forfeited one of its defenses because it failed to timely raise it. The Supreme Court affirmed. *Id.* at 552, 139 S.Ct. at 1851-52. The defense at issue arose from a non-jurisdictional rule, the EEOC's charge-filing requirement which necessitates including all the types of discrimination on which the charge is based. The defendant argued that the EEOC charge at issue did not assert a religion-based claim and so that claim should be dismissed. The defendant did not raise this defense until years into the litigation, however. *Id.* at 546-47; 139 S.Ct. at 1847-48. The failure to timely raise the defense resulted in forfeiture of it. More pertinent here, however, is the Supreme Court's recognition that even non-jurisdictional rules are "mandatory in the sense that a court must enforce the rule if timely raised." *Id.* at 549; 139 S.Ct. at 1849. The ninety-day filing deadline at issue in this case is not jurisdictional, and Defendant has timely raised a defense based on that deadline. It has done so in a motion to dismiss filed in advance of an answer. Thus, the Court must enforce the rule. *Id.*

### B. Remaining Motions

#### 1. Motion to Exceed Page Limits

Plaintiff moved for leave to file a response brief that exceeded the page limit set by Local Rule 7 (DN 16). Defendant did not oppose that motion. Accordingly, it will be granted.

#### 2. Motion to Strike Arguments from Defendant's Reply

Plaintiff has moved to strike certain arguments from Defendant's Reply in support of its Motion to Dismiss. That Reply is DN 18. She asserts that "Defendant's Reply exceeds the permissible scope of rebuttal" because it "improperly introduces new legal theories, factual claims and reputational framing not raised in its original Motion to Dismiss." *Id.* at PageID# 183. The Court finds no reason to strike the arguments identified by Plaintiff.

10

First, Plaintiff faults Defendant for citing *Clark v. U.S. Dept. of the Army,* 2024 U.S. App. LEXIS 3069 (6th Cir. 2024). She contends that doing so introduced a new legal theory. To the contrary, Defendant cited *Clark* to rebut Plaintiff's suggestion that her *pro se* status weighs in favor of excusing her failure to timely file. *See* Plaintiff's Response, DN 17, at PageID# 130 (emphasizing that Plaintiff was proceeding *pro se*); *Id.* at PageID# 133 ("Dismissal under these circumstances would undermine the judiciary's commitment to access and fairness, particularly for pro se litigants navigating trauma and retaliation."). Defendant cited *Clark* for the proposition that Plaintiff's *pro se* status does not excuse her from complying with filing requisites. Reply, DN 18 at PageID# 171-72. That is, Defendant did no more than rebut Plaintiff's contrary suggestions.

Second, Plaintiff claims that Defendant introduced "new factual assertions" as to the scope of her EEOC charge. She does not explain what those new assertions are or otherwise develop this argument. The Court is not obligated to flesh out Plaintiff's argument for her. *U.S. v. Clark*, 24 F.4th 565, 577  (6th Cir. 2022) (failing to make argument to district court forfeits argument); *Rice v. Comm'r of Soc. Sec.*, 169 F. App'x 452, 454 (6th Cir. 2006) ("It is well-established that 'issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.'") (citing *U.S. v. Layne*, 192 F.3d 556, 566 (6th Cir. 1999) (quoting *McPherson v. Kelsey,* 125 F.3d 989, 995–96 (6th Cir. 1997)).

Third, Plaintiff accuses Defendant of "rhetorical minimization and reframing" of her claims as "generalized grievances." Motion, DN 19, at PageID# 185. This assertion relates to Defendant's argument that Plaintiff has not pleaded an adverse employment action, an issue that Plaintiff admits to being raised in Defendant's Motion to Dismiss. *Id.* Again, Plaintiff does not develop this argument or demonstrate what she means. And, she has admitted that the issue of

11

adverse employment was raised initially. Given these circumstances, Plaintiff has not presented a ground on which to strike Defendant's adverse-employment-action argument from its Reply.

Fourth, Plaintiff contends that Defendant should not be allowed to address the declaration Plaintiff submitted in support of her Response. *Id.* Defendant argued that Plaintiff's Declaration attempts to cure defects in her pleadings and is otherwise an improper response to a Rule 12(b)(6) Motion. Plaintiff asserts that Defendant's objection is "belated." Motion, DN 19, at PageID# 185. But it cannot be so since the Declaration was filed with Plaintiff's Response. Nor can Defendant be faulted for not challenging the Declaration in its Motion as Plaintiff had not submitted it at that time. Lastly, Plaintiff contends that Defendant's argument "constitutes a new procedural theory" and "violates Sixth Circuit precedent." *Id.* Again, Plaintiff fails to explain what she means or otherwise develop her contention. She cites *Wright v. Holbrook*, 794 F.2d 1152, 1157 (6th Cir. 1986) but does not explain how that decision requires striking Defendant's argument. *Wright* does not concern striking an argument. It does stand, in part, for the proposition that an appellant cannot present arguments for the first time on appeal, *i.e.*, arguments that that were not first presented to the district court. Defendant has not violated any such rule. Rather, Defendant has done no more than challenge the scope of Plaintiff's Response, arguing that Plaintiff's Declaration (DN 17-1) is improper. That too is a type of permissible rebuttal.

Fifth, Plaintiff takes issue with Defendant's having pointed out that she has litigation experience as she has previously filed lawsuits in other federal districts. Plaintiff asserts that this "reputational tactic is irrelevant to the merits and violates the briefing rules." Motion, DN 19, at PageID# 185. To the contrary, Plaintiff disclosed this fact herself and relied on it as a ground on which to find that her attempt to file in this Court in the same manner that she filed in those other courts was reasonable. She made this argument in her motion for leave to file her complaint out of

12

time and in her Response to Defendant's Motion to Dismiss. Her Declarations, DN 4-2 and DN 17-1, contain like statements. Given these facts, there is no basis on which to conclude that Defendant has made a "selective use of unrelated litigation" to Plaintiff's prejudice. *Id.* Plaintiff's contrary accusations are meritless.

Sixth, Plaintiff objects to Defendant's argument with respect to whether equitable tolling will cause it prejudice. *Id.* at PageID# 186. She contends that this is a new argument not raised in the Motion and thus has been waived. However, Plaintiff raised a lack of prejudice to Defendant in her Response—a fact that she recognizes. *Id.* Thus, Defendant was entitled to rebut that argument in its Reply. Doing so was "entirely consistent with the proper purpose of a reply brief, to address the opposing party's arguments raised in a response brief." *Liberty Legal Found. v. Nat'l Democratic Party of the USA, Inc.*, 875 F. Supp.2d 791, 797–98 (W.D. Tenn. 2012).[3]

### 3. Motion for Leave to File Surreply

Based on her contention that Defendant raised new arguments in its Reply (DN 19), in addition to moving to strike, Plaintiff moved for leave to file a surreply. Motion, DN 20, at PageID# 191. Permitting a party to file a surreply is left to the trial court's discretion. *Key v. Shelby Cnty.,* 551 F. App'x 262, 264 (6th Cir. 2014); *Tanielian v. DaimlerChrysler Corp.,* 108 F. App'x 386, 387 (6th Cir. 2004). "The Sixth Circuit has held that a district court does not abuse its discretion in denying leave to file a sur-reply where the opposing party's reply did not raise any new legal arguments or introduce new evidence." *Liberty Legal Found.*, 875 F. Supp.2d at 797 (citing *Modesty v. Shockley*, 434 F. App'x 469, 472 (6th Cir. 2001)). Here, Plaintiff has not shown

---

[3] Plaintiff also argued that the Court must strike Defendant's Response because it was untimely. Reply, DN 22, at PageID# 219. Her argument was based on the assertion that Defendant had fourteen days to respond. Defendant had twenty one days and its response was timely. Plaintiff recognized as much in her Reply brief, DN 26 at PageID# 239-40. So she withdrew this ground for striking the Defendant's Response *Id.* at PageID# 240.

that Defendant raised new arguments in its Reply. Plaintiff's tendered surreply repeats arguments made in her Response and otherwise takes issue with Defendant's properly raised counterpoints made in its Reply. Thus, the Court finds that Plaintiff's surreply is no more than an attempt to have the last word. This tactic is highly disfavored and the reason why sur-replies of this sort are not granted. *Id.* at 798. Accordingly, the Court will deny Plaintiff's motion.

**4. Motion to Strike Defendant's Response to Motion for Leave to File Surreply**

Plaintiff has moved to strike Defendant's Response to her Motion for Leave to File a Surreply (the "Response," *i.e.*, DN 23). This Motion is meritless. Plaintiff first asserts that Defendant's Response to her motion is premature because the surreply has not been accepted by the Court. To the contrary, Defendant has a right to respond to the motion itself. LR 7.1(c). Defendant simply did so. Second, Plaintiff contends that if the Court grants her leave to file a surreply or strikes Defendant's Reply which the tendered surreply is meant to rebut, the Court should moot the Response at DN 23 and disregard it. These are not grounds on which to strike a brief. Again, Defendant has a right to respond to a motion. LR 7.1(c). Plaintiff's Motion to Strike will be denied.

**CONCLUSION**

Equitable tolling requires Plaintiff to show that her late filing was due to circumstances beyond her control—a requisite which Plaintiff has acknowledged. Plaintiff has not made such a showing. Plaintiff missed the deadline because of an assumption she made, not because of circumstances beyond her control. Nothing prevented Plaintiff from learning how to file a complaint in this Court so as to timely file. Plaintiff assumed she could file her complaint through electronic mail at a certain e-mail address. She was incorrect. While her mistake may engender sympathy, that sympathy is not a proper ground on which to ignore the filing deadline established by Congress. *Baldwin Cnty.*, 466 U.S. 147 at 152. Nor does her ignorance provide a proper ground

14

on which to equitably toll the filing deadline. *Graham-Humphreys*, 209 F.3d at 561. Simply put, the record before the Court does not show that Plaintiff acted diligently but was prevented from timely filing due to circumstances beyond her control. "One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence." *Baldwin Cnty.*, 466 U.S. at 151.

As a result, by separate order entered simultaneously herewith, the Court will deny Plaintiff's Motion for Leave to Refile Complaint Nunc Pro Tunc **(DN 4)** and grant Defendant's Motion to Dismiss **(DN 9)** to the extent that it seeks dismissal of Plaintiff's federal law claims as untimely. The Court declines to entertain Defendant's remaining arguments for dismissal of the federal law claims. The Court also declines to exercise its supplemental jurisdiction over Plaintiff's state law claims. 28 U.S.C. § 1367(c). The Court expresses no opinion with respect to the state law claims. They will be dismissed without prejudice.

Plaintiff's unopposed Motion for Leave to Exceed Page Limit **(DN 16)** will be granted. Plaintiff's Motion to Strike Procedurally Inadmissible Arguments in Defendant's Reply **(DN 19)** will be denied. Plaintiff contends but has failed to show that Defendant improperly raised new arguments in its Reply in support of its Motion to Dismiss. Plaintiff's motion for leave to file a surreply **(DN 20)** will be denied for the same reason. Additionally, Plaintiff's surreply shows that it is nothing more than a highly disfavored attempt to have the last word. Finally, Plaintiff's second Motion to Strike **(DN 24)** is wholly without merit, as previously explained, and will be denied for that reason.

March 24, 2026



Charles R. Simpson III, Senior Judge
United States District Court

15